McKiNNEY, J.,
delivered the opinion of the court.
This was an action of debt in the circuit court of Morgan, brought by the present defendant in error, against the plaintiffs. The summons was returnable to the November Term, 1851, of said court. The term commenced on the third Monday, being the seventeenth day of the month. The record shows, that, the plaintiff having filed a declaration in proper time, the court proceeded, on Wednesday, the nineteenth day of the month, (being the third day of the term), to render a final judgment by default against the defendants, for failing to appear and make defense to the action; and to reverse the judgment, a writ of error has been prosecuted to this court.
The judgment is clearly erroneous. By the Act of 1194, ch. 1, sec. 26, the plaintiff is required to file his declaration “ within the three first days of the term to which the writ is made returnable;” and on failure to do so, the suit may be dismissed at his cost; and the defendant is required to “appear and plead or demur within the first three days after the time allotted for filing the declaration; otherwise the plaintiff may have judgment by default, which in actions of debt shall be final,” &e.
The judgment, by default, in the present case, is directly in the face of this very explicit and unqualified provision of the statute. Here, the judgment was rendered *45 within the first three days of the term; before the time allowed the plaintiff for filing his declaration had expired; before the defendants were bound to appear, and before the point of time, when, had they even appeared, they would have been entitled to demand a declaration.
If it were true, as has been assmned, that the practical effect of this provision, if enforced, will not unfre-quently occasion inconvenience, perhaps delay, to the plaintiff, in obtaining judgment; as where the term happens to be of shorter duration than the time prescribed for making up the pleadings, still, that argument, however deserving of consideration, when addressed to the department of the government vested with power. to remedy the evil, is of no force when addressed to the judicial tribunals, whose duty it is, simply to administer the law as it exists, according to its plain meaning.
This provision of the statute was adopted with reference to an organization of our judicial system, very different from the present: under which the terms of the “ Superior Court,” as it was called, were usually of several weeks duration; and, therefore, the mischief suggested as likely to occur at times, under our present system, could not have arisen.
But it seems to us, that the inconvenience of an adherence to this rule of practice, according to the terms of the statute, is of much less importance than has been supposed. By the express terms of the Act, the declaration is to be filed “m the clerFs office,” within the time prescribed; and, of course, the plea, or demurer, is likewise to be filed m the clerWs office within the time limited. The length of the term is unimportant, so far as respects the obligation of the parties to make up their pleadings within the time *46 fixed by tbe statute. Tbe pleadings can as well be made up after tbe adjournment of tbe court, as during its session; and it is no excuse for tbe failure of tbe defendant to file bis pleaor demurer, “ witbin tbe first three days after tbe time allowed for filing tbe declaration,” that tbe term bad closed before tbe expiration of that period. True, tbe plaintiff could not take judgment by default at that term, if tbe defendant failed to comply with tbe requirement of tbe statute; but be would be entitled to do so on tbe first day of tbe ensuing term. And, thus, any unreasonable delay, or abuse of tbe statute, may be guarded against. • Judgment reversed.